J-S47009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE V. HANDY | : | |
| | : | |
| Appellant | : | No. 3196 EDA 2023 |

Appeal from the PCRA Order Entered November 29, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1135341-1982

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 31, 2025**

Tyrone V. Handy ("Handy")[1] appeals *pro se* from the dismissal of his serial petition for relief under the Post Conviction Relief Act ("PCRA").[2]  We affirm.

In 1983, a jury found Handy guilty of second-degree murder and possessing an instrument of crime in a 1979 murder in Philadelphia.  He received a life sentence.  This Court denied his direct appeal and the Supreme Court denied allowance of appeal.  He filed a series of PCRA petitions, the fourth of which this Court denied in December 2012.  ***See Commonwealth***

---

[1] Handy is also known as Sulaiman Taalibdin.

[2] ***See*** 42 Pa.C.S.A. § 9541-9546.

*v. Taalibdin*, 64 A.3d 16 (Pa. Super. 2012) (unpublished memorandum).[3] This Court affirmed the denial of a subsequent PCRA petition. **See Commonwealth v. Taalibdin**, 190 A.3d 719 (Pa. Super. 2018) (unpublished memorandum).

In December 2022, Handy filed a petition for writ of *habeas corpus* asserting his judgment of sentence and conviction should be vacated because he was not charged with robbery and did not have notice robbery was the underlying felony for the charge of second-degree murder. The PCRA court treated Handy's petition as a PCRA petition, held it untimely, stated Handy previously litigated this claim in his fourth PCRA petition, and alternatively found the claim meritless. **See** PCRA Court Opinion, 5/13/24, at 4-6 (unnumbered).

Handy timely appealed and he and the court complied with Pa.R.A.P. 1925. On appeal, Handy presents two issues for this Court's review:

> I. Is the PCRA court's ruling that [Handy's] filing was untimely contrary to the law?
>
> II. Is the PCRA court's ruling on the merits of [Handy's] conviction supported by the record and/or contrary to the law?

Handy's Brief at iii (capitalization standardized).

_____

[3] In his petition, Handy alleged the trial court lacked jurisdiction to try him because the information failed to state he would be tried for the predicate offense of felony murder, and he was not given formal notice of the charges against him. **See Commonwealth v. Taalibdin**, 63 A.3d 16 (Pa. Super. 2012) (unpublished memorandum at 2).

Handy asserts he was not given notice of a robbery charge to support his conviction of second-degree murder, the trial court lacked subject matter jurisdiction, and his conviction and sentence must be vacated. *See* Handy's Brief at 3-7. He also asserts the evidence was insufficient to support his second-degree murder conviction. *See id*. at 8-11.

Initially, we conclude the PCRA court was correct to treat Handy's petition for a writ of *habeas corpus* as a serial PCRA petition. "[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute." *Commonwealth v. Burkett*, 5 A.3d 1260, 1274 (Pa. Super. 2010) (citations omitted). Here, Handy's claim the trial court lacked jurisdiction is clearly within the ambit of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i), (viii). Thus, the PCRA court properly treated Handy's filing as a serial PCRA petition.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id*.

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. ***See Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims [in a PCRA petition]." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Handy's judgment of sentence became final on September 12, 1988 (September 11, 1988, was a Sunday), upon the expiration of his time to file a petition for a writ of *certiorari* to the United States Supreme Court. ***See*** former U.S Supreme Court Rule 20 (providing a *certiorari* petition is timely if filed within 60 days of the denial of discretionary rule in a state's highest court).[4] He did not file the instant petition until December 2022. Thus, the petition is untimely.

A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). ***See Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The three

_____

[4] U.S. Supreme Court Rule 20 was replaced by U.S. Supreme Court Rule 13, effective January 1, 1990.

exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  A petition invoking an exception must be filed within one year of the date the claim could have been presented.  ***See*** 42 Pa.C.S.A. § 9545(b)(2).  If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief.  ***See Spotz***, 171 A.3d at 676.

Handy did not plead or offer to prove an exception to the PCRA's timeliness requirement in his petition.  ***See*** 42 Pa.C.S.A. § 9545(b)(1).  This Court is therefore without jurisdiction to review the petition or provide relief. ***See Spotz***, 171 A.3d at 676.[5]

Handy's serial PCRA petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." ***Lewis***, 63 A.3d at 1281.

Order affirmed.

---

[5] On appeal, Handy argues the courts prevented him from presenting his jurisdictional challenge by ruling the time-bar deprived the court of jurisdiction.  ***See*** Handy's Brief at 7.  The claim has no merit.  Rulings which enforce Pennsylvania law do not constitute government interference.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025